```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Karen K. Stroud,

                        Plaintiff,                    09-CV-0357

                v.                                    DECISION
                                                      and ORDER
Michael J. Astrue,
Commissioner of Social Security

                        Defendant.
_____
```

## Introduction

Plaintiff Karen K. Stroud ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), claiming that the Commissioner of Social Security ("Commissioner") improperly denied her application for Disability Insurance Benefits ("DIB") and Supplement Security Income benefits ("SSI"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge Timothy McGuan ("ALJ") was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence. For the reasons set forth herein, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law, and therefore, I grant the Commissioner's motion for judgment on the pleadings.

**Background**

Plaintiff initially filed an application for SSI and DIB on February 11, 2002, claiming the she was disabled due to a hysterectomy, bladder and kidney damage, chronic bronchitis and a herniated disc. (Tr. 29). ALJ Timothy McGuan issued a decision finding Plaintiff not disabled within the meaning of the act on June 19, 2004. Id. There is no evidence that Plaintiff appealed this decision. Id.

On September 27, 2004, the claimant filed a new application, alleging that her disability began on June 19, 2004, the date her initial application was denied. (Tr. 17). She complained of the following impairments: lumbar spine dysfunction, small airway disease, asthma, obstructive sleep apnea and fatigue, carpal tunnel syndrome, inability to use right hand, constant back pain and spasms, and low back pain radiating down both legs. (Plaintiff's Complaint). Her claim was initially denied on November 17, 2004. (Tr. 29). ALJ George Yatron held a video hearing on August 31, 2006, and issued an unfavorable decision on September 28, 2006. Id. The Social Security Appeals Council remanded Plaintiff's case for an adequate evaluation of primary care physician, Dr. William Schueler's opinion, and a further evaluation of Plaintiff's subjective complaints. (Tr. 62-63).

ALJ Timothy McGuan held a second hearing on March 7, 2008 at which the Plaintiff appeared with counsel and testified. (Tr. 433-

2

39). The ALJ issued an unfavorable decision on April 15, 2008. (Tr. 14-24). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 27, 2009. (Tr. 6-7). On April 16, 2009, Plaintiff timely filed this action. (Plaintiff's Complaint).

## Discussion

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v.

3

Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

**II. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record**

The ALJ found that Plaintiff met the insured status requirements of Section 216(I) and 223 of the Act to be eligible for DIB through December 31, 2009. (Tr. 17, 19). The ALJ, however, determined that Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 19, 2004. (Tr. 17-24). In doing so, the ALJ followed the Social Security Administration's five-step sequential analysis. See 20 C.F.R. § 404.1520.[1]

Under step one of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset

---

[1] Five step analysis includes: (1) the ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, the ALJ considers whether claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, the third inquiry is whether, based solely on medical evidence, claimant has an impairment which is listed in regulations Appendix 1, and if so claimant will be considered disabled without considering vocational factors (4) if claimant does not have a listed impairment, the fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, the ALJ determines whether claimant could perform other work. See id.

date. (Tr. 19). At steps two and three, the ALJ concluded that Plaintiff's lumbar spine dysfunction, small airway disease, obstructive sleep apnea, and right carpal tunnel syndrome were severe within the meaning of the Social Security Regulations, but not severe enough to meet or equal singly or in combination any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (Tr. 19-20).

At the fourth step, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional limitations. (Tr. 20). See 20 C.F.R. §416.967(b). Plaintiff could not stand or walk for more than four hours a day, and needed the option of alternating between sitting and standing beyond customary breaks. Id. With regards to her breathing impairments, Plaintiff's RFC included limitations on her exposure to high concentrations of dust, fumes, gases, and extreme cold. Id. Plaintiff was able to frequently perform fine and gross manipulations. Id. In the fifth step, the ALJ considered vocational expert Timothy Janikowski's testimony regarding Plaintiff's additional limitations, and determined that Plaintiff was able to perform her past relevant work as a teacher's aide. (Tr. 23). Further, Plaintiff was capable of performing other jobs in the national economy, including self-service cashier, information clerk, office helper, and a number of unskilled sedentary jobs. (Tr. 24).

Based on the entire record, including medical evidence, the ALJ properly found that Plaintiff could perform her past relevant work. Therefore, I find that there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not disabled within the meaning of the Act.

**A. Medical evidence in the record supports the ALJ's determination that Plaintiff was not disabled**

The ALJ found that Plaintiff's obstructive sleep apnea was controlled with a continuous positive airway pressure ("CPAP") machine. (Tr. 22-23, 32). Dr. Jeffrey Neu, Plaintiff's pulmonary and cardiology specialist, noted that Plaintiff's sleep apnea was "mild" and that her pulmonary function testing was relatively normal. (Tr. 32). Dr. Neu's July 2006 report indicated that Plaintiff did not complain of any daytime somnolence. (Tr. 23). The ALJ determined that Plaintiff's sleep apnea did not establish chronic pulmonary insufficiency severe enough to meet the criteria of Listing 3.02. (Tr. 32).

Medical records indicated Plaintiff's asthma was controlled on a medication regimen. (Tr. 32). The ALJ determined that Plaintiff's asthma attacks were not of the frequency and intensity described in Listing 3.03. (Tr. 32).

Plaintiff consulted orthopedic specialist, Dr. Timothy Collard in 2004 for an evaluation of her chronic low back pain. (Tr. 32, 209-216). A June 13, 2005 MRI revealed L3-L4 and L4-L5 degenerative disc

disease, with disc bulging. Id. In November 2004, consultative examiner Dr. Fenwei Meng reported that Plaintiff's reflexes were normal, there was no motor and sensory deficits, and mild tenderness in the lumbar spine. (Tr. 33). An April 27, 2005 report from neurosurgeon Dr. Gregory Castiglia indicated that Plaintiff's strength and reflexes were grossly intact and her gait was slow but steady. Id. Dr. Castiglia prescribed epidural steroid injections. Id. Plaintiff reported to Dr. Castiglia in July 2005 that she had experienced improvement from the injections and her pain control was adequate. (Tr. 21). The ALJ found that there was no evidence of nerve root compression or neurological impairments of the spine to establish disability under Listing 1.04A. (Tr. 32-33).

In 2007, Plaintiff underwent carpal tunnel surgery on the right hand. (Tr. 21). Records from the orthopaedic surgeon that performed the surgery indicated that Plaintiff's condition was improving and that she was able to engage in activities and continue working on her range of motion and strengthening exercises. Id.

**1. The AlJ properly assessed that Plaintiff's subjective complaints were not credible in light of the medical evidence**

The Appeals Council remanded Plaintiff's case for a second administrative hearing to evaluate Plaintiff's subjective complaints, and provide an appropriate rationale for the weight to be given to them. (Tr. 62-63). The ALJ found that Plaintiff's allegations of debilitating pain were not substantiated by the record.

7

An ALJ's credibility assessment "must be based on a two step analysis of pertinent evidence in the record." Borush v. Astrue, 2008 W.L. 4186510 *12 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1529, 416.929). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms" that are alleged by the claimant. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities.

Plaintiff reported to her primary care physician, Dr. Schueler that she had received no improvement from the epidural steroid injections prescribed by Dr. Castiglia. (Tr. 21). The ALJ found that this complaint was inconsistent with her report to Dr. Castiglia that her pain control was adequate and her back condition had improved. Id.

Plaintiff stated that during the two years before the most recent hearing, she experienced constant back pain, bilateral leg pain three times a week, and that her legs gave out. (Tr. 20). Dr. Schueler's records indicated that Plaintiff complained of leg pain for three weeks from May to July 2006, but made no further mention of it. (Tr. 22). Further, the ALJ noted that Dr. Schueler's

8

treatment notes indicated that her back symptoms "waxed and waned." Id.

Plaintiff complained that she was perpetually fatigued due to shortness of breath, and as a result, had to lie down once or twice a week. (Tr. 21). The ALJ determined that this complaint was inconsistent with medical evidence indicating her asthma was well-controlled by medications. Id.

The ALJ determined that Plaintiff's allegations that she had only a slight improvement from the use of CPAP machine were "grossly inconsistent" with Dr. Neu's reports that her condition was improving.(Tr. 22).

Plaintiff claimed that she was completely unable to use her right hand as a result of carpal tunnel. (Tr. 21). On February 4, 2008, Plaintiff told a consultative examiner that she had a left carpal tunnel surgery release two years earlier, but did not mention the surgery to her right hand. Id. At the administrative hearing, Plaintiff denied ever having had carpal tunnel in her left hand. (Tr. 423). Further, records from her orthopaedic surgeon showed that Plaintiff's right hand was improving. (Tr. 21). The ALJ determined that these inconsistencies, and the medical evidence did not lend support to Plaintiff's claim of severe pain and weakness in her right hand. Id.

The ALJ determined that objective medical evidence did not support the existence of pain at the level of severity that the

Plaintiff described. (Tr. 23). If objective medical evidence does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record. See 20 C.F.R. § 404.1529(c), SSR 96-7p.

Plaintiff testified that her pain was at a nine and ten out of ten, on a scale where ten would require being rushed to the emergency room. (Tr. 21, 424). In assessing credibility, the ALJ may consider the measures taken by the claimant to relieve symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ found that Plaintiff did not seek any treatments that would suggest that her pain had been at such a severe level.(Tr. 22-23). He noted that Plaintiff did not require emergency room treatment, hospitalization, or strong narcotic medication. (Tr. 23). Plaintiff further testified that she had almost died a couple of times and had been on her death bed. (Tr. 21). However, the ALJ found no record of emergency room visits or hospitalizations since August 2004. Id.

"The court must uphold the ALJ's decision to discount a claimant's subjective complaints" when the ALJ's decision is supported by substantial evidence in the record. See Aponte v. Sec'y of Dept. of Health & Human Servs., 728 F.2d 588, 591 (2d Cir.1984). Here, I find that there was substantial evidence in the record to support the ALJ's decision to discount the claimed severity of Plaintiff's subjective complaints.

## 2. Plaintiff properly assigned little weight to primary care physician Dr. Schueler's opinion

Plaintiff argues that the ALJ failed to properly assess treating primary care physician, Dr. Schueler's opinions. (Plaintiff's Memorandum of Law "Pl Mem" 5-7). More specifically, Plaintiff contends that the ALJ erred in ignoring Dr. Schueler's August 21, 2006 report that limited Plaintiff's ability to sit and stand long enough to perform even sedentary work. Id. The ALJ found the report inconsistent with other medical evidence and did not assign it great weight. (Tr. 23).

Social Security Regulations provide that a treating physician's opinion on the nature and severity of a claimant's symptoms is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(d)(2). The factors that an ALJ must apply when a treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing §§ 404.1527(d)(2) and 416.927(d)(2)). Further, the ALJ must establish "good reasons" for the weight assigned to a treating physician's opinion. Id.

11

Dr. Schueler opined that Plaintiff was disabled because of her sleep apnea. (Tr. 22). The ALJ found this opinion "grossly inconsistent" with the February and July 2005 reports of Dr. Neu that Plaintiff was doing well and had improved by using a CPAP machine. Id. Diagnostic tests performed by Dr. Neu indicated that Plaintiff had only a mild airflow obstruction, and a relatively normal pulmonary function test. Id. Dr. Schueler reported that Plaintiff had received no relief from her back pain from the epidural steroid injections prescribed by Dr. Castiglia, although Dr. Castiglia's reports indicated that Plaintiff's condition had improved. Id.

The ALJ found that Dr. Schueler's treatment notes were internally inconsistent. Id. An August 21, 2006 RFC assessment reported that Plaintiff would need to lie down after standing or walking for 30 minutes and would need to lie down for two hours during an eight-hour workday. (Tr. 318-323). The report indicated that Plaintiff would have to alternate between standing and sitting, but could not sit for more than two hours a day, could not stand or walk for more than two hours a day, and could lift 10 pounds occasionally. Id. The ALJ found this assessment contradictory to Dr. Schueler's claims that Plaintiff could sit for two and a half hours a day, stand or walk for two and a half hours a day, and would need rest for three hours a day. (Tr. 22). The ALJ further noted that diagnostic imaging was relatively mild, and Plaintiff had good pain control, which did not support Dr. Schueler's RFC assessment. Id.

12

The ALJ noted that Dr. Schueler's RFC assessment also conflicted with consultative examiner Dr. Samuel Balderman's report that Plaintiff was capable of medium work. (Tr. 23). Dr. Balderman opined that Plaintiff could sit for up to eight hours per workday, could lift up to 50 pounds, and was limited in her ability to stand or walk for more than four hours at a time. (Tr. 299). Dr. Balderman further reported that Plaintiff did not put forth full effort during the exam. (Tr. 297). While a report from a consultative examiner who examined a claimant at the request of the Commissioner can constitute substantial evidence, the ALJ gave Dr. Balderman's opinion less weight based on the fact that he only examined Plaintiff once, and had no treatment relationship with her. (Tr. 23). See Monquer, 722 F.2d at 1039.

In December 2004, Dr. Schueler opined that returning to work would adversely impact Plaintiff's health and the safety of the children under her care. (Tr. 22). An April 2005 report indicated that Plaintiff should not return to work. Id. The ALJ found that Dr. Schueler's treatment notes were essentially reiterations of Plaintiff's self-reported symptoms without corroborating medical evidence. Id. An ALJ may disregard a medical opinion premised on a Plaintiff's self-reported symptoms if the ALJ has reason to doubt Plaintiff's credibility. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995). See also Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 602 (9th Cir. 1999); Mastro v. Apfel, 270 F.3d 171, 177-78 (4th Cir. 2001). Here, the ALJ properly

13

discounted Plaintiff's subjective complaints, because they were not supported by the record as a whole. Thus, the ALJ had adequate grounds to reject Dr. Schueler's opinions based on Plaintiff's unsupported claims.

Based on the fact that Dr. Schueler's reports were inconsistent with other evidence in the record, and not supported by medical evidence, I find that the ALJ articulated "good reasons" for discounting Dr. Schueler's opinion.

**3. The ALJ had no duty to re-contact Dr. Schueler for clarification**

Plaintiff argues that the ALJ erred in failing to re-contact Dr. Schueler for clarification. (Pl. Mem 7-9). The Appeals Council's remand noted that "if necessary, the ALJ should contact Dr. William Schueler in order to clarify his medical source statement." (Tr. 63).

The ALJ is required to obtain additional evidence only if he or she cannot decide whether a claimant is disabled based on the existing evidence. 20 C.F.R. § 404.1527(c). "Where there are no obvious gaps in the administrative record and the ALJ already possesses a 'complete medical history,'" the ALJ is under no obligation to re-contact a physician. Rosa v. Callahan, 168 F.3d 72, 79, n. 5 (2d Cir. 1999). Here, there were no obvious gaps in Dr. Schueler's reports. On February 18, 2008 before the second administrative hearing, Plaintiff's attorney sent the ALJ Dr. Schueler's complete records through November 8, 2007. (Tr. 316-64). I find that there was substantial evidence in the record on which the ALJ could determine that

14

Dr. Schueler's opinion was not reliable. Thus, the ALJ was under no further obligation to re-contact him.

I find that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff was not disabled within the meaning of the Act.

## CONCLUSION

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings.  Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

DATED: July 1, 2010
      Rochester, New York